IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| JOE ANGEL ACOSTA, III, | § |
| Plaintiff, | § § § |
| v. | §  2:19-CV-017-Z |
| DR. CHRISTINE O'CONNOR, *et al.*, | § § § |
| Defendants. | § |

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

This is a civil rights action brought by Joe Angel Acosta, III, a Texas inmate appearing *pro se*, against employees of the Texas Department of Criminal Justice ("TDCJ") pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined in the Clements Unit of TDCJ in Amarillo, Texas. Plaintiff has filed an application to proceed *in forma pauperis*. While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has not shown that at the time of the filing of this lawsuit, he was "under imminent danger of serious physical injury." Therefore, this action is **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).

### PETITIONER'S ALLEGATIONS

In support of his Complaint, Plaintiff presents the following allegations:

1. Plaintiff claims he was never seen by the medical department despite sick call requests submitted in 2013. Plaintiff claims he was never given eyeglasses as required.

2. Also in 2013, Plaintiff claims he suffered from an eye infection that Defendants failed to treat. Further, Plaintiff claims he has chronic and permanent eye damage and still does not receive adequate medical treatment.

The PLRA, enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id.*

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as outlined herein; thus, Plaintiff is barred from proceeding *in forma pauperis* as he requests.

1. A review of PACER reflects that Plaintiff had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

    a. No. 5:08-cv-350 (W.D. Tex.-San Antonio) (dismissed on May 27, 2008 as frivolous and for failure to state a claim – no appeal taken);

    b. No. 9:11-cv-020 (E.D. Tex.-Lufkin) (dismissed on September 19, 2011 as frivolous – no appeal taken); and

    c. No. 4:10-cv-074 (S.D. Tex.-Houston) (dismissed on May 18, 2011 as frivolous and for failure to state a claim – appeal dismissed for want of prosecution).

Plaintiff also fails to meet the very limited exception that he was under imminent danger of serious physical injury at the time he filed this lawsuit. Plaintiff must present medical records or grievances with his Complaint to corroborate his allegations, or he has failed to demonstrate that he was under imminent danger of serious physical injury at the time his lawsuit was filed. *See Stone v. Jones*, 459 Fed. App'x 442 at *1 (5th Cir. 2012) (citing *Banos*, 144 F.3d at 884–85). Plaintiff has not presented any medical records or grievances.

For the above reasons, the complaint filed by plaintiff Joe Angel Acosta, III, is **DISMISSED** as barred by the three strikes provision of 28 U.S.C. § 1915(g). This dismissal is without prejudice to plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

**SO ORDERED.**

December 6, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE